December 16, 2110, Robinson against the Secretary of Veterans Affairs, Mr. Carpenter. May it please the Court, Kenneth Carpenter appearing on behalf of Mr. Benny Robinson. This Court's decision in Manget, when applied by the Veterans Court, is not a bar or a conclusion to the finding under the Equal Access to Justice Act statute of Prevailing Party. This Court's decision in Manget was one of jurisdiction, and particularly one of the Veterans Court's jurisdiction as to whether or not it did or did not have the discretion to consider arguments that were not presented below. In this case, an argument was not presented below, but was presented before the Veterans Court, and the Veterans Court adopted that argument to the extent that the Veterans Court set aside the Board's decision. In setting aside the Board's decision, that implicated this Court's decision in Motorola, which is an Egypt decision. Part of the problem is that they did set aside the decision. They set it aside based on an argument that you raised for the first time before the Court, or that was raised, but they raised it for the first time before the Court. And so, as a result, how do we say that the Board, that it was a Board error that caused the remand when, in fact, the Board never addressed that question because it was never actually presented to the Board? Because, Your Honor, the argument that was presented, that was presented for the first time, was accepted by the Court and implicitly decided by the Court that this matter, the proceedings. What is required under this Court's decision in Motorola is, is there a remand? And if the remand alters the legal relationship of the parties, which clearly happened here, then that qualifies for prevailing party status. Well, that's not that you're skipping a step. The remand also has to relate to some error by the Board, right? Well, I believe it's the general law does. I do not believe this Court in Motorola dealt with that other than to say that it changed or altered the legal relationship of the parties. And in altering the legal relationship of the parties, what happened here is when they set aside the Board decision, the finality of the Board's decision is altered. That finality does not exist at all. So you're saying that the issue of whether there was an administrative error or a legal error is irrelevant? Yes, but I believe it was also implicitly decided by the Veterans Court. It seems to me inconsistent for the Veterans Court to say that they are going to consider an issue that was not raised below and then use that issue as a legal basis to vacate a Board decision and order further proceedings by the Board and say that they didn't make an implicit finding of administrative error. But the Board wasn't even considering the effective date, right? That issue was never even raised or presented to the Board. Well, Your Honor, it's somewhat misleading to talk about this in terms of effective date. What we're talking about is the assignment of an initial rating in two discrete periods. The initial rating from, I believe, 2003 was 10% to a specific date when these tests that were delayed by 14 months, their results, those tests, once administered, justified a 60% rating, and from that date forward, the rating was assigned a 60%. This really is not an effective date question. This is a question of when was the Veteran in fact disabled to the degree of 60%. The test results demonstrated that he was entitled to it when those test results were received, but both the Veteran indicated an increase in the severity of his heart condition and the cardiologist recognized that that was likely and ordered tests. Those tests were 14 months delayed. There is no reason for the Board to not have addressed that factual question of whether or not that increase had in fact taken place when the cardiologist said that the test was necessary to confirm what the Veteran said. That may be true had that argument been raised below at the Board. So it wasn't raised. You're absolutely correct. It was not raised. Again, how can we have agency error with respect to a particular determination that wasn't put at challenge before the Board? Because the agency error is implicit in the action taken by the Veterans Court in response to the issue raised. It would be irresponsible for a court to vacate a decision unless there was some good cause to believe. That sounds like a stretch. No, I think not. We require and we want arguments that are clear and specific, that point to the legal issue at hand, that give legal authority, cite legal authority. We can't go searching for implicit arguments. This may have been implicit, but it wasn't raised below. It was remanded because no one raised it below. So how can that be agency error? Because it resulted in the vacating of the Board's decision, which altered the legal relationship of the parties. This court needs to rely upon its precedent. That's true, but we're talking about the aegis of fees here. That's correct. And this case is controlled by this Court's decision in Motorola, as adopted on Veterans I thought a while ago when you cited to Motorola, I wasn't sure that I agreed with your assessment of what that case stands for. Are you saying that in Motorola that we say that every time there's a remand that there's agency error? No, I am not. What I'm saying is if I suggested that, I apologize. I was not meaning to suggest that. What I was meaning to suggest is that Motorola delineates a specific analysis for the action taken by the Court, and the action taken by the Court was to grant some relief. Some relief was granted. The decision of the Board was vacated. Also some relief was granted, but not in the remand itself. I disagree, Your Honor, because the relief that was sought was to get, as it were, another bite of the apple, an opportunity to re-adjudicate this with this issue in mind, this 14-month delay. So what happened then? There's something really, we've been going down a path with fact-dependent precedent, which has put the weight not on prevailing party, but on administrative error. Correct. And that, since the statute doesn't say that, the statute says prevailing party. Yes. And so I think one must be alert to the Motorola facts, where there was a question of administrative error, whereas here, if on remand, the veteran did not prevail, is that what happened? Do we know whether the veteran prevailed on remand? As best I know, the Board has yet to make a decision on remand. Did not prevail. No, no, has yet to make a decision. There's been no disposition on remand. Because to put it in the objective context that was intended by this statute, ultimately, if you prevail, and you're a veteran, and meet certain threshold requirements, which don't include administrative error, there might have been a change of law. There might have been other reasons by which, after all of this back and forth, this has been going on for years, the veteran prevails, then at least there is some kind of presumptive entitlement to attorney's fees. But where are we here, unless we, our precedent does, can be cited to say that unless there was administrative error, it doesn't matter if the veteran prevailed or not. Is that how you see precedent? I'm trying to make the distinction in the precedent of this court, based upon Motorola. Yes, so am I. That the question of administrative error can be looked at as it was in Dover, implicitly. That the court does not need to say the magic words of, we find administrative error. But to look at the necessity of the remand being based upon a obviously inferred administrative error. In other words, the court would not have taken this step unless, as I said to Judge Rayna, there was reason to believe that there was an administrative error. But the court said that they didn't know, nobody knew, at least it didn't come into the record, as to why there was that 14-month delay. If the veteran had delayed and even asking for an appointment for the next step, perhaps it would have been looked at one way. If it was clear that they said, well, your cardiologist ordered these tests, come back after a year and we'll see if you're still alive, or whatever, that we might look at it differently. Well, I'm not sure that was the way in which the matter was presented. It said they didn't know. Well, what the court said was that the board did not explore this, that the board did not and needed to make factual findings about what happened. So in that situation, if there was an existing statute that says, in these circumstances, we would find for the veteran, you know, but that's not the situation here. You don't have, there is no relevant statute that requires, or regulation, that requires a VA in situations like this to find an award for an earlier date. If that existed, and then there's a remand, then perhaps we could say, okay, implicit in the remand is the instruction, follow the law. But here, that's not the law. Well, I beg to differ, Your Honor. I did distinguish with Judge O'Malley about calling this an effective date statute. But it is, or an effective date issue. But there is an effective date statute in regulation that dictates that an issue of the assignment of the effective date will be based upon the facts found. And the factual findings were not made. But what you just cited, the determination that can be made, can go either way for the veteran. Of course it can go either way. If it only went one way, if it went the way of the veteran, then I think your argument about having an implicit relief may have some legs. But that's not the situation here. With respect, Your Honor, this Court recently addressed that issue in Dover. The issue in Dover dealt with a wife who had survived her husband's request for revision. And the husband had not properly pled that Q claim. And at court argued that she had, or that the board, misapplied the law because the appropriate remedy when the husband was alive was dismissal and not adjudication. And so the court said, yes, I'm going to set that aside, and then you take further proceedings back below. There was no guarantee that Mrs. Dover would prevail on the amended Q claim. This is why this Court's analysis in Halperin. But here's what I'm concerned about. The appeal was on the size of the rating, right? The request was I should get more than 60%. Well, no, actually it was initial 10 from, I believe, 2003 to 2007. But the appeal was I want more than 60 from 2002 after 2007, right? No, it was both pieces, Your Honor. It was the initial rating of 10 from 2003 to 2007 and then more than 60. This case, this remand, is only about that 14-month period that is in the 10% column now and not in the 60% column. This does not deal with a rating in excess of 60. All right, but the appeal talked about the scope of the rating. So you're saying that there was never an argument that this was an effective date issue, right? No, what I'm saying is that it is not. What was presented to the Board was not an effective date question. It was an initial rating question. What the rating should have been in the continuum from 2003 to 2007. And there is a 14-month period within that time frame that the facts should have been considered, which was what was decided by the Veterans Court, and were sent back for further proceedings for the Board to consider that factual question. So to be clear, your position is it doesn't matter if the veteran ultimately does not prevail? Yes, yes. Okay, that's what I wanted to understand. Thank you, Your Honor. Okay. Mr. Woodley, is that your understanding of the statute that says prevailing party, that you don't have to be the prevailing party? After the remand, Your Honor? Is that what you're asking? Yes. No, I think it's in this type of situation, Your Honor, the determination is made prior to that. There has to be administrative error, and that's what's lacking in this case. That's the problem. Okay, so why wasn't there administrative error when they chose to differentiate between the 10% rating and the 60% rating if they didn't actually consider all the facts, which included the 14-month delay? Yes, Your Honor, there was not administrative error. And the reason there wasn't is, again, this was an issue, as the courts asked, first grazed on appeal. It's an issue that wasn't addressed at the board. It's facts that were not developed at the board. Should the board have raised this on the road? Right, because the board was supposed to pick a date, right? And if the board didn't look at all the facts and circumstances in picking their date, isn't that just an error on its face? It could be, Your Honor, but in this case, they did look at all the facts. The first time that there was medical evidence, medical records, and tests demonstrating the increase in the disability was April 2nd, 2007. That's the date that they established the increased rating. That's when the tests came back, right? Yes, Your Honor. The earlier dates that the appellant is arguing should have been considered in February 2006 and November 2006, tests were ordered, but no tests were conducted. There was no medical evidence for the board to rely on in making that determination that the rating should be increased from 10% to 60%. So the first time that there was actual evidence to establish the 60% increased rating was April 2nd, 2007. The veteran is saying that once you got that actual evidence, you should have gone back and considered the time, the earlier date, and that the failure to do that was there. Yes, Your Honor, and actually this will address the question that was asked earlier. On remand, it has been determined that the vet did not prevail, and that was affirmed actually on March 20th, 2017 by the Veterans Court. At that time, there was no evidence in the record other than the two referrals. So three weeks ago, the VA made this decision? Two weeks ago, the Veterans Court affirmed the decision by the board. But again, you've conceded that that's not really relevant. No, the issue is at the time that the remand occurred, was there administrative error by the agency? And it's important to note that the cases that are cited by appellant, there's a key issue that's absent here, and that's that the agency in both of those cases, Dover and Motorola, conceded error. That never happened here. Has a veteran been notified of that decision? That I don't know, Your Honor. Have you told counsel about that decision? I have the information from agency counsel this morning, Your Honor. We were not told either. That seems highly suspect to me that you decide this case right at the eve of these oral arguments. But anyway, go on. Yes, Your Honor. The crux of the case, as I pointed out, is whether or not there was administrative error, whether the remand was necessitated by that error. And in this case, there was no concession by the agency, and the Veterans Court explicitly in its remand order indicated that it was not based on administrative error. This court has recognized a default rule in these types of cases. Under Thompson v. Shineski, where there has been a remand to an administrative agency without a judicial finding of administrative error or a concession of error by the agency, the default rule is that the remand is not based on administrative error for either purposes. Did you just say you found out this morning about the agency's decision? I actually asked my co-counsel whether that was accurate as far as the decision had been rendered or not. So you found out this morning?  Yes, Your Honor. Can you, afterwards, submit a letter that describes service of process on or whether you've informed the veteran and whether you informed the Veterans Council of that decision? Yes, Your Honor. The nature of the decision and when? Along with a copy of the decision. Yes, Your Honor. Yes, and if there's any need for a response as well, a few days thereafter from Mr. Carpenter. Yes, Your Honor. Now, again, Your Honor, this court, I'm sorry, the Veterans Court explicitly stated in its remand that the decision was not predicated on administrative error and cited the Magic Case and recognized that it was a newly raised issue on appeal. The court could have, at that point, determined to apply the doctrine of issue exhaustion and just not consider the issue at all. And instead, and I think this goes counter to what Collins is arguing, that there had to have been an error here. Essentially, it gave the veteran the benefit of the doubt and sent it back to have those facts developed so that a proper determination could be made. And that was entirely within the Veterans Court discretion to make that determination to remand it for further consideration of that newly raised argument. Because, as we've argued previously, there was not that documentation in the records indicating what had happened at those two February 2006 and November 2006 appointments in the referral to the specialists, what, if anything, caused any delays, whether it was the veteran not making appointments or it was the VA not getting the veteran in to be seen. The records simply didn't have the evidence for the court to look at that. Those two key cases, again, the Appellant Cites, the Motorola case and the Dover case, the key issue is what's not present here, and that's a concession by the agency that there was error, where there was concessions in both those cases, the Motorola and Dover cases. I would urge this court to follow its precedent in Davis v. Nicholson. In that case, there was a total disability claim that was denied because the veteran was not precluded from having gainful employment. The Veterans Court vacated that decision and remanded to consider a different regulation, which is similar to what Appellant's arguing in this case. In that decision, EJ was denied because there was no judicial finding of administrative error. Rather, the Veterans Court remanded for additional fact determination. It was the same fact pattern as we have here. Also, under that Davis case, the argument of altering the legal relationship of the parties, I think it's important, again, for the court to look at its precedent there, where, again, similar fact pattern. This court explicitly found the remand nearly afforded Davis an opportunity to litigate again and in no way materially altered his legal relationship with the VA as to the claim benefits. Again, that's the same situation you have here. Basically, Mr. Roberts was put back to have a chance to re-litigate these new issues that were raised in appeal. It didn't change his legal relationship. It merely gave him another opportunity to litigate and raise those arguments. In conclusion, there was no judicial finding of administrative error or any kind of concession of error by the agency. And this court should apply the Thompson default rule that the remand was not based on administrative error for each of the purposes and affirm the Veterans Court decision to deny the appellants each application. And I'd be happy to answer any other questions. Thank you. Thank you, Mr. Woodward. Mr. Carpenter, three minutes. I'd like to quote from this court's decision in Motorola. This court said that when there is a remand to the agency, which the remand grants relief on the merits sought by the plaintiff, and the trial court does not retain jurisdiction, securing the remand order itself is success on the merit. That qualifies under Motorola for prevailing party status. The insinuation of administrative error into the EJIA equation was done by the Veterans Court. And this court has affirmed that piece. But this court has also adopted the analysis of prevailing party that flows from Motorola and extended this court's holding in Motorola to Veterans cases in Halvern and then most recently adopted again in Dover. And so the question really becomes, is administrative error a preclusionary requirement? Do you have to have those magic words? Or are you looking at making the analysis, and the analysis in Motorola that this court made was based upon two Supreme Court decisions in Schaefer and in Sullivan that talked about the question of whether or not a remand itself constitutes some relief on the merits in order to qualify for prevailing party status. We believe that this court's decision in Motorola does not require administrative error, or if it does, that the administrative error can be inferred. In this court's decision in Motorola, this court said where the plaintiff secures the remand, requiring further agency proceedings because of alleged error by the agency. Not error found by the court, but alleged error by the agency. That allegation of error was made in the issue that was presented for the first time before the Veterans Court. And therefore, Mr. Robinson should have been considered under this court's precedent a prevailing party. Are there any further questions? Thank you very much. Thank you. Thank you both. The case is taken under submission.